**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, LLC, | § | Case No. 19-33884 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 82-2165328 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| STANTON RAIL YARD, LLC, | § | Case No. 19-33879 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 82-2125976 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT HOLDINGS, LLC, | § | Case No. 19-33886 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 47-2187184 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SOUTHTON RAIL YARD, LLC, | § | Case No. 19-33882 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 45-5498704 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| DRYING FACILITY ASSETS HOLDING, LLC, | § | Case No. 19-33888 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 36-4796424 | § | |
| | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE ENERGY SUPPORT, LLC, | § | Case No. 19-33889 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 47-2918523 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| MINE ASSETS HOLDING, LLC, | § | Case No. 19-33890 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 80-0954401 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| WET MINE ASSETS HOLDING, LLC, | § | Case No. 19-33891 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 47-2382879 | § | |

**EMERGENCY MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11
CASES AND (II) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED.  A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 12, 2019, AT 10:30 A.M. (CDT) BEFORE THE HONORABLE DAVID R. JONES, BOB CASEY UNITED STATES COURTHOUSE, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.  IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN JULY 12, 2019.**

*ACTIVE 44514014v1*

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1015-1 and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), (a) directing procedural consolidation and joint administration of their related chapter 11 cases and (b) granting related relief.  In support of this Motion, the Debtors incorporate the statements contained in the *Declaration of Gary Barton, Chief Restructuring Officer of Shale Support Global Holdings, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion, and respectfully move as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rules 1015(b) and 6003 of the Bankruptcy Federal Rules, and Rules 1015-1 and 9013-1(i) of the Bankruptcy Local Rules.

## BACKGROUND

3.      On the date hereof (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

*ACTIVE 44514014v1*

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' chapter 11 cases.  No date has been set for a meeting pursuant to section 341 of the Bankruptcy Code.

5.      Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, which is fully incorporated herein by reference.

## RELIEF REQUESTED

6.      The Debtors respectfully request that the Court maintain one file and one docket for all the jointly-administered cases under the case of Debtor Shale Support Global Holdings, LLC and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SHALE SUPPORT GLOBAL HOLDINGS, LLC, *et al.*,[1] | Case No. 19-33884 (DRJ) |
| Debtors. | (Jointly Administered) |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354.  For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

4

7.      The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Debtor Shale Support Global Holdings, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-33884.**

8.      For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, and therefore, respectfully request that such relief be granted.

## **BASIS FOR RELIEF**

9.      Section 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate," in pertinent parts, as:

> a.      [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>> i.      in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>>
>> ii.      solely to secure a debt, if such entity has not in fact exercised such power to vote;

5

     b.     [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

          i.     in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

          ii.     solely to secure a debt, if such entity has not in fact exercise such power to vote;

     c.     [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

     d.     [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

     10.     The Debtor entities that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.  Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

     11.     As disclosed in the First Day Declaration, Debtor Shale Support Global Holdings, LLC directly or indirectly owns or controls 100% of the voting securities and/or membership interests (as applicable) of each of the other Debtor entities.  As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to jointly administer these cases for procedural purposes under Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

     12.     The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect several or all of the Debtors.  The failure to jointly administer these eight (8) cases—each with its own docket—would result in numerous

*ACTIVE 44514014v1*

duplicative filings for each issue.  Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets.  The Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration, sparing them the time and effort of reviewing duplicative pleadings and papers.

13.     Joint administration will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to: (a) use a single caption on the numerous documents that will be served and filed in these chapter 11 cases; (b) file the pleadings in one case rather than in multiple cases; and (c) refer to one case docket in order to review all pleadings filed in these chapter 11 cases.  Further, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in these chapter 11 cases.

14.     The rights of the Debtors' creditors will not be adversely affected by joint administration of these chapter 11 cases because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation. Creditors and other parties in interest will maintain their rights against each of the respective estates, as applicable.  Furthermore, because these chapter 11 cases involve over a thousand creditors, the entry of an order directing joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court; (b) render the completion of various administrative tasks less costly; and (c) minimize the number of unnecessary delays associated with the administration of multiple separate chapter 11 cases.

15.     Joint administration is generally noncontroversial, and courts in this jurisdiction routinely order joint administration in cases with multiple affiliated debtors.  *See, e.g.*, *In re*

*Westmoreland Coal Company*, Case No. 18-35672 [D.I. 71] (Bankr. S.D. Tex. Oct. 9, 2018) (order directing joint administration of chapter 11 cases); *In re Neighbors Legacy Holdings, Inc.*, Case No. 18-33836 [D.I. 5] (Bankr. S.D. Tex. July 12, 2018) (same); *In re iHeartMedia, Inc.*, Case No. 18-31274 [D.I. 76] (Bankr. S.D. Tex. March 15, 2018) (same); *In re Seadrill Ltd.*, Case No. 17-60079 [D.I. 40] (Bankr. S.D. Tex. Sept. 13, 2017) (same).

16.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, and in the best interests of the Debtors, their estates, their creditors and other parties in interest and therefore should be granted.

## EMERGENCY CONSIDERATION

17.     In accordance with Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion.  Bankruptcy Rule 6003 empowers a bankruptcy court to grant relief within the first twenty-one (21) days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  FED. R. BANKR. P. 6003.  To avoid confusion and facilitate a smooth transition into these chapter 11 cases, it is critical that the cases be jointly administered from the outset as there will be a significant volume of docket filings and procedures.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein on an emergency basis.

## REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

18.     The Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).  As explained above and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors.

8

Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## NOTICE

19.     Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Agent and Prepetition Term Loan Agent, Baker Botts, L.L.P., 30 Rockefeller Plaza, New York, NY 10112-4498, Attn: Emanuel C. Grillo, Esq. (emanuel.grillo@bakerbotts.com); (d) counsel to the Prepetition Revolving Lender, Thompson Coburn LLP, One US Bank Plaza, St. Louis, Missouri 63101, Attn: David A. Warfield and Victor A. Des Laurier (dwarfield@thompsoncoburn.com, vdeslaurier@thompsoncoburn.com); (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the state attorneys general for states in which the Debtors conduct business; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint administration of their related chapter 11 cases and (b) granting related relief.

Date: July 11, 2019

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: _/s/ Shari L. Heyen_
Shari L. Heyen
Texas Bar No. 09564750
*HeyenS@gtlaw.com*
Karl D. Burrer
Texas Bar No. 24043584
*Burrerk@gtlaw.com*
David R. Eastlake
Texas Bar No. 24074165
*EastlakeD@gtlaw.com*
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:     (713) 374-3500
Facsimile:     (713) 374-3505

**PROPOSED COUNSEL TO THE DEBTORS**

## CERTIFICATION UNDER B.L.R. 9013-1(i)

Pursuant to Bankruptcy Local Rule 9013-1(i), the undersigned counsel certifies that the basis for emergency relief set forth herein is accurate.

By: _/s/ Shari L. Heyen_
Shari L. Heyen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2019, I caused a copy of the foregoing to be served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas by electronic mail.

By: _/s/ Shari L. Heyen_
Shari L. Heyen

*ACTIVE 44514014v1*